R. W. LUMBLEY, TRUSTEE, ETC., *v.* J. M. THOMAS.

LABORER.   *General, for wages.   Lien on crop prepared for market.*

One employed on a plantation as a wage hand and general laborer, and who aids in producing, gathering and ginning cotton grown on the plantation, has a lien on such cotton for his wages for all the work done by him as such general laborer, including labor having no reference to the cotton as well as that bestowed upon it, by virtue of Sec. 1360, Code of 1880, which provides that "Every laborer who may aid by his labor to make, gather or prepare for sale or market any crop shall have a lien on the interest of the person who contracts with him for such labor, for his wages, whatever may the kind of wages; and such lien shall be paramount to all liens or encumbrances or rights of any kind created by or against the person so contracting for such assistance."

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

In 1886, J. M. Thomas was employed by one Smith on his plantation. Smith agreed to pay Thomas twenty dollars per month. The business of Thomas during the year was plowing, hoeing, chopping wood, hauling cotton, working in the blacksmith shop, running the engine and ginning the cotton. Thomas assisted in making, gathering and ginning certain cotton grown on the plantation of Smith. This cotton was seized by R. W. Lumbley, trustee, under a deed of trust executed by Smith in favor of Kling. & Co., merchants. Thereupon Thomas brought this action to enforce his lien on the cotton in question for his wages, to wit, two hundred and forty dollars. A judgment was rendered in favor of Thomas for $246.00, with a lien on the cotton. The defendant, Lumbley, appealed.

*Bowman & Bowman,* for the appellant, reviewed the evidence, and contended that it did not warrant a peremptory instruction from the court.

*Prewett & Henry,* for the appellee.

The language of Sec. 1360, Code of 1880, is very broad and certainly covers the case now before the court. In *Hester* v. *Allen,* 52 Miss., page 162, this court decided that an overseer, under the acts of 1872–73, was not entitled to a lien on the crop

for his wages. That act provided a lien in favor of "the land-lord and tenant, the employer and employee, the cropper on shares, the supply man and party supplied, when this latter is embraced as one of the former." It will be observed that Sec. 1360, Code 1880, is much broader, and we incline to the opinion that under it even an overseer would have a lien for wages. Be that as it may, it was the evident intent of the legislature that the act should be liberally construed in favor of those intended to be benefitted by it, and Thomas in this case unquestionably comes not only within its spirit, but letter.

CAMPBELL, J., delivered the opinion of the Court.

Thomas was employed as a wages hand, and general laborer, and aided by his labor to prepare for market the cotton in controversy, and by § 1360 of the Code had a lien on it.

*Affirmed.*